# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Eric Cancio,

               Plaintiff,

vs.

Dreamscape Companies, LLC, *et al.*,

               Defendants.

Case No. 2:26-cv-01160-APG-MDC

**ORDER DENYING MOTION TO SEAL (ECF NO. 18)**

Plaintiff filed an *Emergency Motion to Seal* (ECF No. 18) ("Seal Motion") Exhibits 3 and 4 attached to their *Motion to Amend Complaint* (ECF No. 17).[1] The Court **DENIES** the Seal Motion without prejudice for the reasons below.

Courts have recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Because of this, unless a particular court record is one "traditionally kept secret," there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must meet one of two standards. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096-1102.

If a party seeks to seal a document attached to a dispositive motion, the party must show that there is a "compelling reason" to seal the document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 667 (9th Cir. 2010). That is, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted). "What constitutes a compelling reason is best left to the sound

---

[1] The Court has provisionally sealed these exhibits pending ruling on plaintiff's Seal Motion.

discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon* 435 U.S. at 599) (internal quotations omitted). If a party seeks to seal a document attached to a non-dispositive motion, then the party need only show that "good cause" exists. *Pintos*, 605 F.3d at 678. This is the same good cause standard that applies to protective orders under Rule 26(c) of the Federal Rules of Civil Procedures. *Kamakana*, 447 F.3d at 1179-80. "For good cause to exist, the party seeking [to seal] bears the burden of showing specific prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

"Generally, a motion for leave to amend the pleadings is considered non-dispositive." *Paradise Ent. Ltd. v. Empire Tech. Grp. Ltd.*, No. 2:24-cv-00428, 2025 WL 755149, at *2 (D. Nev. March 7, 2025) (citation omitted). Therefore, the good-cause standard applies here as plaintiff seeks to seal exhibits attached to his *Motion to Amend Complaint*. *See Kamakana*, 447 F.3d at 1179. However, plaintiff fails to address any standard in their Seal Motion and instead states that Exhibits 3 and 4 were filed in error with witnesses' residential addresses. *ECF No. 18*. Plaintiff does not argue or put forth any supporting legal authorities on why the exhibits should be sealed or if it would be sufficient to redact the residential addresses while not sealing the exhibits. Plaintiff thus failed to provide points and authorities to support his Seal Motion. *See* LR 7-2(a), (d). Therefore, the Seal Motion is denied without prejudice. Plaintiff has leave to refile a motion to seal by **July 24, 2026**. Exhibits 3 and 4 attached to the *Motion to Amend Complaint* (ECF No. 17) will remain provisionally sealed pending ruling of plaintiff's refiled motion to seal if one is filed by the Court's deadline. If plaintiff does not refile a motion to seal by the Court's deadline, Exhibits 3 and 4 will be unsealed.

//

//

//

//

2

ACCORDINGLY,

**IT IS ORDERED** that plaintiff's *Emergency Motion to Seal* (ECF No. 18) is **DENIED without prejudice**. Plaintiff has leave to refile a motion to seal by **July 24, 2026**. Exhibits 3 and 4 attached to the *Motion to Amend Complaint* (ECF No. 17) will remain provisionally sealed pending ruling of plaintiff's refiled motion to seal if one is filed by the Court's deadline. If plaintiff does not refile a motion to seal by the Court's deadline, Exhibits 3 and 4 will be unsealed.

Dated: July 8, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

3