**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Eric Cancio,<br>Plaintiff,<br>vs.<br>Dreamscape Companies, LLC, *et al.*,<br>Defendants. | Case No. 2:26-cv-01160-APG-MDC<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART MOTION TO AMEND (ECF NO. 17)**<br><br>**AND**<br><br>**ORDER GRANTING SECOND MOTION TO SEAL (ECF NO. 23)** |

Pending before me is plaintiff's *Motion to Amend* (ECF No. 17) ("Amend Motion") his Operative Complaint (ECF No. 1-2) and *Second Motion to Seal* (ECF No. 23) ("Seal Motion") parts of exhibits attached to the Amend Motion. For the reasons below, I **RECOMMEND** the Amend Motion be **GRANTED** in part to correct the date of incident at issue and be **DENIED** in part with respect to amending the complaint to include recently identified individual defendants. I separately **GRANT** the Seal Motion.

**<u>DISCUSSION</u>**

**I. PROCEDURAL BACKGROUND**

This is a personal injury action where plaintiff makes an array of intentional tort and negligence claims against defendants. *ECF No. 1-2*. Plaintiff alleges that he was tackled and restrained by security officers working for Dreamscape defendants after being told to leave the premises of Rio Hotel located in Las Vegas, Nevada in January 2025. *Id.* Rio Hotel is also owned and operated by defendants Dreamscape Companies, LLC and Dreamscape Flamingo Road Management, LLC ("Dreamscape defendants").

Plaintiff filed his Operative Complaint against defendants in the Nevada state court on December 31, 2025. *Id.* In addition to naming Dreamscape defendants, plaintiff named several "doe" security

officer defendants as placeholders for the security officers who allegedly tackled and restrained him. *Id.*[1] Defendants removed this case to this Court based on diversity jurisdiction on April 15, 2026, stating that plaintiff is a citizen of Nevada while defendants are citizens of either Delaware or New York and that the amount in controversy exceeds $75,000. *ECF No. 1*.[2]

Plaintiff then filed his Amend Motion on June 17, 2026, seeking leave to file an amended complaint and attaching their proposed amended complaint. *ECF Nos. 17*, *17-1*. Plaintiff states that he seeks to amend his complaint to substitute Stacy Rodd and Dario Hernandez ("Security Officers") in place of doe security officers I-III, who were employed by Dreamscape defendants at the time of the alleged incident and who are residents of Nevada. Such an amendment would destroy the diversity jurisdiction of this Court, as parties would no longer be completely diverse. *See ECF No. 21* at 7; *Neiman v. Barazani*, No. 22-15843, 2023 WL 4891981, at *1 (9th Cir. August 1, 2023) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Plaintiff states that he only found out about their identities when defendants served their initial and supplemental disclosures on May 15, 2026 and June 11, 2026 respectively. *Id.* at 5. He also seeks to change the alleged date of the incident to from January 11, 2024 to January 12, 2024. *Id.* at 3.

Plaintiff also filed a *Motion to Seal* ("prior Seal Motion") (ECF No. 18) exhibits to the Motion, which I denied without prejudice. *ECF No. 22*. Plaintiff then timely filed his *Second Motion to Seal*, which defendants did not file a response or opposition to. *ECF No. 23*.

//

//

---

[1] Rule 10 of the Nevada Rules of Civil Procedure allows the pleader to designate a defendant by any name if the name of a defendant is unknown to the pleader. *Id.*

[2] While plaintiff's complaint alleged the DOE defendants were residents of Clark County, Nevada, the citizenship of such fictitious defendants is disregarded when determining whether a civil action is removable on the basis of diversity jurisdiction. *Mazariego v. Walmart*, No. 1:24-CV-00612-KES-SAB, 2024 WL 3594596, at *3 (E.D. Cal. July 30, 2024), report and recommendation adopted sub nom. *Mazariego v. Walmart Inc.*, No. 1:24-CV-00612-KES-SAB, 2024 WL 3904913 (E.D. Cal. August 22, 2024).

## II. RECOMMENDATION REGARDING AMEND MOTION

### A. Legal Standards Regarding Amendment

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

However, because plaintiff's proposed amended would destroy diversity jurisdiction under 28 U.S.C. §1332, a different and higher standard applies. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The analysis of proposed amendment under § 1447(e) requires higher scrutiny than standard amendment under Federal Rule of Civil Procedure 15. *Lieberman v. Wal-Mart Stores Inc.*, Case No. 2:12-cv-1650 JCM (PAL), 2013 WL 596098, at *1 (D. Nev. February 15, 2013) (citations omitted). Under this standard, courts consider the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

*Lieberman*, 2013 WL 596098, at *1 (quoting *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002)). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder" and courts retain broad discretion in considering such factors and in the ultimate determination. *Id.* (citation omitted).

**B. Analysis Regarding Joining The Security Officers**

Dreamscape defendants do not dispute that plaintiff may amend his Complaint pursuant to Rule 15(a)(2). However, they argue that plaintiff has not shown that joinder of the Security Officers satisfies the § 1447(e) factors given that adding those parties would destroy diversity jurisdiction. *ECF No. 20.*

Foremost, I find that plaintiff is seeking to join the Security Officers as understood under § 1447(e). Courts have also analyzed situations where plaintiff is seeking to substitute a named defendant that would destroy diversity in place of a doe defendant using the § 1447(e) factors. *See, e.g.*, *McCoy-Hill v. Smith's Food & Drug Centers, Inc.*, No. 2:25-cv-00568-CDS-BNW, 2025 WL 2108636 (D. Nev. July 25, 2025); *Wang v. Costco Wholesale Corp.*, No. 2:23-cv-01097-JAD-BNW, 2024 WL 279113 (D.

Nev. January 9, 2024). Furthermore, I agree with Dreamscape defendants and find that § 1447(e) factors identified above favor denying amendment to join the Security Officers.

**(i) Just Adjudication**

To determine if parties must be joined to an action, a court must first determine whether absent parties are "necessary." *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002). Courts consider if a newly added party is necessary under Federal Rules of Civil Procedure 19(a), which "requires joinder of persons whose absence would preclude the complete relief, impede their ability to protect their interests, or subject a party to risk of incurring inconsistent obligations." *Yang v. Swissport USA, Inc.*, No. C 09-03823 SI., 2010 WL 2680800, *3 (C.D. Cal. July 6, 2010); *see* Fed. R. Civ. P. 19(a); *Estate of Ibarra-Gonzalez by and through Casillas v. MTM Transit, LLC*, No. 3:21-cv-00260-LRH-WGC, 2021 WL 4976700, at *4 (D. Nev. October 26, 2021) (citations omitted). "This standard is met when failure to join will lead to separate and redundant actions but is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Boon*, 229 F.Supp.2d at 1023.

Dreamscape defendants admit that they "hire[d], train[ed], and employ[ed] the security employees who interacted with [p]laintiff… [and] that [t]hey were within the course and scope of employment when they interacted with [p]laintiff." *ECF No. 20* at 4. Thus, they also admit that they would "vicariously liable for the damages the employees might have caused." *Id.* When an employer is vicariously liable for its employee, "the employee is not necessary to the litigation." *Lopez v. Kroger Co.*, Case No. 2:16-cv-02457-KJD-PAL, 2017 WL 3142471, at *2 (D. Nev. July 24, 2017) (citation omitted).

Plaintiff argues that he alleges intentional tort claims against the Security Officers in addition to negligence claims, which "create direct, personal liability" for them and that Dreamscape defendants may have several defenses available to avoid vicarious liability. *ECF No. 21* at 5-6. Plaintiff also argues

that an individual tortfeasor "remains a proper party because the liability is joint and several, not purely derivative." *ECF No. 21* at 6. These arguments are not persuasive.

Foremost, "Nevada will hold an employer vicariously liable for an employee's intentional tort—even [if] outside the scope of employment—if that intentional tort was reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment." *Doe v. Clark Cnty Sch. Dist.*, 2:16-cv-01696-JAD-PAL, 2018 WL 1368264, at *6 (D. Nev. March 15, 2018) (citing *Anderson v. Mandalay Corp.*, 358 P.3d 242, 247 (Nev. 2015)) (internal quotation marks omitted). Dreamscape defendants admit that the Security Officers' actions were reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of their employment. *See ECF No. 20*. They do not make any carveouts regarding intentional tort liability when admitting that they would be vicariously liable for damages caused by the Security Officers. *See id* at 4.

Plaintiff further provides no evidence beyond speculation that Dreamscape defendants will be defending against vicarious liability in this case. Moreover, he does not dispute that Dreamscape defendants would be able to satisfy any judgment that he obtains. Given the foregoing, the Security Officers are not a necessary party who would deprive plaintiff from obtaining complete and adequate relief. This factor weighs against allowing plaintiff's amendment to add parties.

**(ii) Statute Of Limitations, Undue Delay, and Prejudice**

Dreamscape defendants concede (ECF No. 20) that the statute of limitations has expired for plaintiff to sue the Security Officers in a new state case.[3] Dreamscape defendants also concede "that [p]laintiff has not delayed in trying to add [the Security Officers]." *ECF No. 20* at 4. In Nevada, "an action to recover damages for injuries to a person ... caused by the wrongful act or neglect of another" may only be commenced within 2 years pursuant to NRS § 11.190(4)(e). *Id.* However, the prejudice to plaintiff from the statute of limitations expiring is not sufficient to convince me that joinder of the

---

[3] Given that that such circumstances may be considered dispositive, I determine plaintiff's Amend Motion as a Report and Recommendation.

Security Officers is necessary or proper for this case as plaintiff may recover any damages from Dreamscape. *See McJunkin v. Wal-Mart Stores, Inc.*, No. 2:10-cv-01101-RLH-PAL, 2011 WL 971062, at *2 (D. Nev. March 16, 2011) (denying joinder of an individual employee as a defendant because any recovery for damages would be recoverable from employer under *respondeat superior*).

Plaintiff identifies no other prejudice it would suffer if the Security Officers were not joined, and I find none. The Security Officers remain able to testify in this case regardless of whether they are parties to this case. Consideration of these factors does not convince me to grant plaintiff's requested amendment, especially as the Security Officers are not necessary defendants in this case.

**(iii) Motive Of Joinder**

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). The Ninth Circuit holds that "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* (internal citation omitted).

Dreamscape argues that plaintiff seeks to join the Security Officers solely to destroy diversity jurisdiction. *ECF No. 20* at 4. Plaintiff argues no such motive exists, that the Security Officers are required parties, and that his Operative Complaint "pled specific factual allegations and causes of action against these individuals as DOES long before removal was even contemplated[.]" *ECF No. 21* at 8.

Plaintiff has a reasonable motive to add the Security Officers given their alleged role in his injuries and potential individual liability. However, as Dreamscape defendants admitted that they would be liable for damages caused by the Security Officers, the only result that would occur because of adding these new defendants would be to destroy diversity and remand this case. *See Sedgh v. Costco Wholesale Corp.,* No. 2:24-CV-02303-RFB-NJK, 2025 WL 1638207, at *3 (D. Nev. June 9, 2025);

*Sanchez by and through Gomez v. Target Corp., LLC*, No. 2:21-cv-00058-KJD-DJA, 2021 WL 952095, at *1 (D. Nev. March 12, 2021). This factor is thus neutral. *Sedgh*, 2025 WL 1638207, at *3.

**(iv) Strength Of Plaintiff's Claims**

In his proposed Amended Complaint, plaintiff also raises assault and battery claims against the Security Officers for allegedly tackling and restraining him. *ECF No. 17-1*. Such claims may be reasonably valid to the extent plaintiff can prove them in court. However, plaintiff states in the proposed Amended Complaint that the Security Officers were "working within the course and scope of his employment at the time of this incident." *Id.* at 2. As stated above, the Dreamscape defendants also state that they would be responsible for any damages that the Security Officers are found to have caused. Because any claims plaintiff has against the Security Officers are Dreamscape defendants' responsibility under vicarious liability, the Security Officers are not a necessary party for plaintiff to achieve full relief and this factor weighs against granting his requested joinder. *See Wright v. SF Markets, LLC*, No. 2:22-cv-01467-JCM-EJY, 2023 WL 4995331, at *5 (D. Nev. June 9, 2023) ("When an employer acknowledges it could be liable for potentially tortious actions of its employees through respondeat superior, and has the financial resources to satisfy a potential judgment, the prejudice to a plaintiff arising from denying a motion to add an individual defendant is diminished.").

**C. Recommendation Denying In Part Amendment Joining The Security Officers**

After considering all the relevant factors, I recommend that plaintiff's request to amend his complaint to join the Security Officers be denied.

**D. Recommendation Granting In Part Amendment To Correct Date Of The Alleged Incident**

Considering all the relevant facts, I find good cause to allow plaintiff leave to amend his Complaint to change the date of the alleged incident. Foremost, Dreamscape defendants do not oppose plaintiff amending the date. *ECF No. 20*. There is no apparent bad faith or undue delay in seeking such

an amendment. The amendment does not prejudice defendants, nor are they futile. This would also be the first time that plaintiff would have leave of the Court to amend their Complaint.[4]

Plaintiff may file an amended complaint only regarding the changed date of the alleged incident by no later than **November 6, 2026**.

## IV. ORDER GRANTING SEAL MOTION

Plaintiff seeks to seal parts of exhibits 3 and 4 attached to their Amend Motion. Specifically, plaintiff seeks to redact the residential addresses of current non-party witnesses. *ECF No. 23* at 4-5. This includes the addresses of the Security Officers and "others who are sought to become parties." *Id.* at 4.

Courts have recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Communications Inc*., 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Because of this, unless a particular court record is one "traditionally kept secret," there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must meet one of two standards. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096-1102.

If a party seeks to seal a document attached to a dispositive motion, the party must show that there is a "compelling reason" to seal the document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 667 (9th Cir. 2010). That is, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal

---

[4] Plaintiff also requests for costs incurred in relation to this case being removed in his Reply. *ECF No. 21* at 9-10. The Court does not consider this request as plaintiff first made it in his Reply, which is not proper. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) (stating that arguments first raised in the reply brief are waived) (citation omitted); *Eruchalu v. U.S. Bank, Nat'l. Ass'n.*, No. 2:12–cv–1264–RFB–VCF, 2014 WL 12776845, at *2 (D. Nev. September 30, 2014) (stating that legal arguments should not be raised for the first time in a reply brief "because the opposing party is deprived of an opportunity to respond.").

citations and quotations omitted). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon* 435 U.S. at 599) (internal quotations omitted). If a party seeks to seal a document attached to a non-dispositive motion, then the party need only show that "good cause" exists. *Pintos*, 605 F.3d at 678. This is the same good cause standard that applies to protective orders under Rule 26(c) of the Federal Rules of Civil Procedures. *Kamakana*, 447 F.3d at 1179-80. "For good cause to exist, the party seeking [to seal] bears the burden of showing specific prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

I already found that the good cause standard applies to motions to seal documents related to the motions to amend and denied plaintiff's prior Seal Motion because he failed to analyze if good cause exists to seal the exhibits. *ECF No. 22*. Plaintiff also did not clarify if it was sufficient to redact the addresses while not fully sealing the exhibits. *Id.*

Plaintiff now argues that it seeks only to redact the residential addresses of the non-party witnesses in exhibits 3 and 4 and that good cause exists to do so to protect the privacy of those individuals and because the addresses are not necessary for the public's understanding of this case. *ECF No. 23*. He further indicates that the Security Officer's addresses would be redacted to only show their city and state location so that he can prove they are Nevada citizens while not revealing their exact location. *See id.* I agree and find that good cause exists to grant plaintiff's request to seal. *See Fed. Trade Comm'n v. AAFE Prods. Corp.*, No. 17-cv-00575-AJB-JMA, 2017 WL 3721695, at *1 (S.D. Cal. Aug. 29, 2017) (sealing names and residential addresses of non-parties); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging the privacy interests implicated by sensitive, personal identifying information). Plaintiff may have leave to file properly redacted versions of exhibits 3 and 4 by **October 23, 2026**. Plaintiff must also ensure that the redacted versions can still show that the Security Officers are citizens of Nevada.

## V. REPORT AND RECOMMENDATION AND ORDER

ACCORDINGLY,

**I RECOMMEND that:**

1. Plaintiff's *Motion to Amend* (ECF No. 17) is **GRANTED** in part regarding his request to amend the date of the alleged incident and **DENIED** in part regarding his request to join Stacy Rodd and Dario Hernandez as defendants in this case.

2. Plaintiff may file an amended complaint only regarding the date of the alleged incident no later than **November 6, 2026**.

**IT IS FURTHER ORDERED that:**

1. Plaintiff's *Second Motion to Seal* (ECF No. 23) is **GRANTED**. Plaintiff may have leave to file properly redacted versions of exhibits 3 and 4 to his *Motion to Amend* by **October 23, 2026**.

DATED: October 16, 2026.

IT IS SO RECOMMENDED AND ORDERED.

_________________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge